BENJAMIN B. WAGNER
United States Attorney
BRIAN A. FOGERTY
Special Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(c) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| v. | |
| VARDAN KESHISHYAN, | |
| Defendant. | |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through BENJAMIN B. WAGNER, the United States Attorney for the Eastern District of California, and Special Assistant United States Attorney BRIAN A. FOGERTY and defendant, VARDAN KESHISHYAN, and his attorney, Assistant Federal Defender ANDRAS FARKAS, have agreed as follows:

1. Charges

The defendant acknowledges that he has been charged in this case in a one-count information, as follows:

COUNT ONE: Obstruction of Mails, in violation of Title 18, United States Code, Section 1701 (Class B Misdemeanor).

//
//

2. Agreements by the Defendant

(a) The defendant agrees that this plea agreement shall be filed with the Court and become a part of the record of the case.

(b) The defendant agrees to enter a plea of guilty to Count One, Obstruction of Mails in violation of Title 18, United States Code, Section 1701 (Class B Misdemeanor).

(c) The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court fail to follow the Government's sentencing recommendations.

(d) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal his plea, conviction, forfeiture order, restitution imposed or any sentence imposed. Acknowledging this, the defendant knowingly and voluntarily waives his Constitutional, statutory and legal rights to appeal his plea, conviction, forfeiture order, restitution imposed, or sentence. This waiver of appeal includes, but is not limited to, an express waiver of the defendant's right to appeal his plea, conviction, forfeiture order, restitution imposed, or sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742 or otherwise. The defendant further agrees not to contest his plea, conviction, restitution imposed, or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255 or § 2241.

(e) The defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this plea agreement, to induce the defendant to plead guilty.

(f) Defendant agrees to recommend the penalty that the government will recommend pursuant to Section 3 of this Memorandum.

(g) The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(h) Should the defendant not be a citizen of the United States, the defendant hereby acknowledges that adverse immigration consequences, including but not limited to removal from the United States, exclusion from admission into the United States, and/or denial of naturalization in the United States, may result from his plea.

3. Agreements by the Government

(a) On Count One, the Government agrees to recommend that the defendant pay a five hundred dollar ($500) fine, pay a ten dollar ($10) penalty assessment, pay eighty dollars ($80) in restitution, and serve one (1) year of unsupervised probation, with conditions to include: paying any fine ordered by the court, and the mandatory condition to obey all laws.

(b) The government makes no representations to defendant other than those contained in this plea agreement.

4. Nature, Elements and Possible Defenses

The defendant has read the charges against him contained in the information, and those charges have been fully explained to him by his attorney. Further, the defendant fully understands the nature

and elements of the crime in the information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

COUNT ONE: Obstruction of Mails in violation of Title 18, United States Code, Section 1701:

First, the defendant willfully and knowingly;

Second, obstructed or retarded the passage of mail.

5. Factual Basis

The defendant concedes that he will plead, and is pleading, guilty to the crime set forth in Count One of the information, because he is, in fact, guilty of that offense. The defendant also agrees that the following are the true and correct facts of this case:
> Between on or about November 12, 2013, and on or about January 25, 2014, in the County of Fresno, state and Eastern District of California, defendant did knowingly and willfully obstruct or retard the passage of mail, in violation of Title 18, United States Code, Section 1701.

6. Potential Sentence

The following is the maximum potential sentence which the defendant faces:

COUNT THREE: Obstruction of Mails in violation of Title 18, United States Code, Section 1701:

(a) Imprisonment.

Maximum: Six Months.

(b) Fine.

Maximum: Five thousand dollars ($5,000).

(c) Both such fine and imprisonment.

(d) Penalty Assessment.

Mandatory: Ten dollars ($10.00).

1  7.  <u>Waiver of Rights</u>

2  The defendant understands that by pleading guilty he surrenders
3  certain rights, including the following:
4  (a)  If the defendant persisted in a plea of not guilty to the
5  charges against him, he would have the right to a public and speedy
6  trial by a judge sitting without a jury.
7  (b)  The judge would find the facts and determine, after hearing
8  all the evidence, whether or not he was persuaded of the defendant's
9  guilt beyond a reasonable doubt.
10  (c)  At a trial, the Government would be required to present its
11  witnesses and other evidence against the defendant.  The defendant
12  would be able to confront those Government witnesses and his attorney
13  would be able to cross-examine them.  In turn, the defendant could
14  present witnesses and other evidence on his own behalf.  If the
15  witnesses for the defendant would not appear voluntarily, he could
16  require their attendance through the subpoena power of the Court.  At
17  trial, the defendant would also have the right to assistance of legal
18  counsel.  If he could not afford legal counsel, one would be
19  appointed for him by the Court at no expense to him.
20  (d)  At a trial, the defendant would have a privilege against
21  self-incrimination so that he could decline to testify, and no
22  inference of guilt could be drawn from this refusal to testify.
23  The defendant understands that by pleading guilty he is waiving
24  all of the rights set forth above, and acknowledges that his attorney
25  has explained to him those rights and the consequences of his waiver
26  of those rights.
27  //
28  //

8.  Questions by Court

The defendant understands that if the Court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

9.  Entire Agreement

This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of any promises apart from those specifically set forth in this plea agreement.  There have been no representations or promises from anyone as to what sentence the Court will impose.

10.  Court not a Party

(a)  It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 6.  Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the defendant's criminal activities, including activities which may not have been charged in the information.

//
//
//
//
//
//
//
//
//

|   |   |   |
|---|---|---|
|   |   | BENJAMIN B. WAGNER<br>United States Attorney |
| Dated: 7/16/14 | By: | *[signature]*<br>BRIAN A. FOGERTY<br>Special Assistant U.S. Attorney |
| Dated: 07.08.2014 | By: | *[signature]*<br>VARDAN KESHISHYAN<br>Defendant |
| Dated: 07-09-2014 | By: | *[signature]*<br>ANDRAS FARKAS<br>Assistant Federal Defender<br>Attorney for Defendant |

*[handwritten:]* J. SARKIS VARTANIAN, Superior courts of CA. ARMENIAN intertheder-

*[signature]* Sarkis V

7.1.2014

- 7 -
Memorandum of Plea Agreement